UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID EARL WATTLETON,                )  |  |
|                                               )  |  |
| Plaintiff,              )  |  |
|                                               )  |  |
| v.                                       )  | Civil Action No.: 19-1402 (BAH) |
|                                               )  | Chief Judge Beryl A. Howell |
|                                               )  |  |
| U.S. DEPARTMENT OF JUSTICE,   )  |  |
|                                               )  |  |
| Defendant.          )  |  |

**MEMORANDUM OPINION**

Plaintiff David Earl Wattleton, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the U.S. Department of Justice ("DOJ") to disclose certain records he requested in February 2019. *See generally* Compl., ECF No. 1. DOJ now seeks summary judgment due to plaintiff's failure to exhaust administrative remedies, DOJ Mot. for Summ. J. ("DOJ Mot."), at 1, ECF No. 20; DOJ Mem. Supp. Mot. for Summ. J. ("DOJ Mem."), at 1, ECF No. 20-1; DOJ Stmt. of Facts Mot. for Summ. J., ECF No. 20-1, and, for the reasons discussed below, that motion is granted.

**I.      BACKGROUND**

On February 1, 2019, DOJ received from plaintiff a written FOIA request, which was assigned tracking number EOUSA-2019-001813 ("Pl.'s FOIA Request"). Compl.at 2; Declaration of Theodore B. Smith ("Smith Decl."), ¶¶ 4-5, ECF No. 23-3; *id*., Ex. A (Pl.'s FOIA Request). This FOIA request sought "the names of all individuals and/or entities of all PACER (Public Access to Court Electronic Records) system and/or LIONS system users who, within the last 20 years, accessed a United States District Court or United States Attorney for the Northern District

1

of Georgia affiliated with case number 1:99-cr306- 'IWI', or to retrieve information based on the name David Earl Wattleton." Smith Decl. ¶ 5; *id*., Ex. A.

On February 21, 2019, the Executive Office of United States Attorneys ("EOUSA"), responded by letter, denying plaintiff's request, pursuant to 5 U.S.C. §§ 552(b)(6) and (b)(7)(C). Smith Decl. ¶¶ 6–7, 10; *id*., Ex. B ("EOUSA Denial Letter").  This letter further advised plaintiff of his right to appeal the decision to DOJ's Office of Information Policy ("OIP"), and that any appeal must be postmarked within 90 days and mailed to "Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001."  EOUSA Denial Letter at 1.

Plaintiff claims that he "made a written appeal" of EOUSA's denial to OIP "on or about March, 2019," Compl. at 2, or "on or about April 2, 2019," Pl.'s Opp'n to DOJ Mot. ("Pl.'s Opp'n"), at 1, ECF No. 18, but received no response.  He mailed his appeal to "Freedom of Information Act Appeal United States Department of Justice 1425 New York Avenue, NW Washington, DC 20530.001," Pl.'s Mot. to Issue Subpoena ("Pl.'s Mot."), at 1, ECF No. 14, which DOJ points out is an incorrect address, DOJ Mem. at 5.  To bolster his claim of having filed an administrative appeal, plaintiff submits an undated and unsigned document titled "Administrative Appeal No. EOUSA 2019-001813." Compl., Ex. C. (Pl.'s Notice of Appeal).  DOJ denies that OIP received any document from plaintiff noting an appeal.  Declaration of Priscilla Jones ("Jones Decl."), ¶ 1, ECF No. 20-4; Smith Decl. ¶ 11.

Plaintiff filed this lawsuit on May 14, 2019, and a briefing schedule was then ordered, with two extensions granted. *See* Scheduling Order (Nov. 4, 2019), ECF No. 16; Minute Order (Nov. 27, 2019); Minute Order (December 12, 2019).  In advance of DOJ's filing of its pending motion for summary judgment, plaintiff filed an opposition to summary judgment, seemingly anticipating

2

DOJ's exhaustion argument. *See generally*, Pl.'s Opp'n. After DOJ timely filed its motion for summary judgment, the Court advised plaintiff of his obligations to respond, by April 2, 2020, to the motion for summary judgment under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court and cautioned him that failure to file a timely response could result in resolution of the pending motion without the benefit of his response. Order (March 3, 2020), ¶ 4, ECF No. 21; *see also Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff has made no further filing after DOJ's pending motion for summary judgment was docketed on January 2, 2020.

## II.   LEGAL STANDARD

The D.C. Circuit has made clear that "[t]he doctrine of administrative exhaustion applies to FOIA and limits the availability of judicial review." *Elec. Privacy Info. Ctr. v. IRS*, 910 F.3d 1232, 1239 (D.C. Cir. 2018) (citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61–62 (D.C. Cir. 1990)). At the same time, in the FOIA context, the exhaustion requirement "is not jurisdictional," *Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel,* 827 F.3d 31, 35 (D.C. Cir. 2016), but rather "a jurisprudential doctrine" that "precludes judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar," *Khine v. United States Dep't of Homeland Sec.*, 943 F.3d 959, 964 (D.C. Cir. 2019) (quoting *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam) (internal quotation marks and citations omitted)). "Administrative appeal provides the agency a further chance to 'exercise its discretion and expertise on the matter and to make a factual record to support its decision.'" *Id*. at 968 (quoting *Oglesby*, 920 F.2d at 61). Thus, "[a] FOIA requester must complete the 'statutory administrative appeal process, allowing the agency to complete its disclosure process *before* courts

step in.'" *Elec. Privacy Info. Ctr.*, 910 F.3d at 1238 (quoting *Oglesby*, 920 F.2d at 65) (emphasis in original).

The "typical course of action" is to analyze an agency challenge to a FOIA claim for lack of administrative exhaustion, under Federal Rule of Civil Procedure 12(b)(6), because "exhaustion is generally considered to be an element of a FOIA claim." *Bayala*, 827 F.3d at 35 n.1; *see also Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating the summary judgment order of the district court and remanding the case with instructions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust). Yet, when such analysis requires examination of "matters outside the pleadings," the court must treat the motion as one for summary judgment. FED. R. CIV. P. 12(d). A court may grant summary judgment by relying on the information included in the agency's affidavits or declarations if they are "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted).

When, as here, an action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole[,]" *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, a court need not accept inferences drawn by a plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must it accept a plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

### III.   DISCUSSION

A FOIA requestor must comply the relevant agency regulations. *See* 5 U.S.C. § 552 (a)(3)(A); *see also id.* §§ 552 (a)(4)(A); (a)(6)(D); (a)(6)(E). As noted, generally, failure to file a timely administrative appeal as specified by an agency's FOIA regulations will preclude judicial

review. *Wilbur v. Cent. Intelligence Agency*, 355 F.3d at 676; *see also DeBrew v. Atwood*, 792 F.3d 118, 123 (D.C. Cir. 2015) (holding that allowing a plaintiff to "pursue judicial review without benefit of prior OIP consideration [on administrative appeal] would undercut the purposes of exhaustion.") (quoting *Hidalgo*, 344 F.3d at 1259).

DOJ regulations require that plaintiff file an administrative appeal with OIP. *See* 28 CFR § 16.8(e); *see also also Vt. Dep't of Pub. Serv. v. United States*, 684 F.3d 149, 157 (D.C. Cir. 2012) ("[W]hen 'an agency's regulations require issue exhaustion in administrative appeals . . . courts reviewing agency actions regularly ensure against the bypassing of that requirement[.]' ") (quoting *Sims v. Apfel*, 530 U.S. 103, 108 (2000)). Here, DOJ has submitted the sworn declarations of both Theodore B. Smith, an EOUSA attorney-advisor and liaison to the FOIA unit, Smith Decl. ¶ 1, who personally handled plaintiff's FOIA Request, *id.* ¶ 4, and Priscilla A. Jones, Supervisory Administrative Specialist for OIP, who oversees the logging of administrative appeals taken from denials by all DOJ components, Jones Decl. ¶ 1. Both Smith and Jones attest that they personally searched their respective internal record-keeping systems where an appeal would be noted and found no record of receipt. *Id.*; Smith Decl. ¶ 11. These attestations are afforded a "presumption of good faith." *SafeCard Servs.*, 926 F.2d at 1200.

Plaintiff relies on the putative undated and unsigned notice of appeal submitted with his original pleading in this case as evidence designed to show that he exhausted his administrative remedies. *See* Compl., Ex. C. In addition, he argues, in his opposition filed prior to the filing of DOJ's pending summary judgment motion, that the prison log book would prove that he did, in fact, submit the document for mailing. Pl.'s Opp'n at 1. This proffered evidence is simply not persuasive for at least two reasons. First, plaintiff bears the burden of demonstrating not that he mailed a notice of appeal, but that the agency actually received it. *See Ebling v. DOJ*, 796 F. Supp.

5

2d 52, 65–7 (D.D.C. 2011) (entering summary judgment for failure to exhaust where plaintiff submitted her appeal in contravention of DOJ regulations and where DOJ had no record of receiving it). Second, even assuming that plaintiff's notice of appeal was mailed, the record shows that plaintiff attempted to mail the document to an incomplete and incorrect address. *See* Pl.'s Mot. at 1; Smith Decl. ¶ 13; Jones Decl. ¶ 1. The address on this purported notice (1) fails to reference OIP, (2) is missing the relevant suite number, and; (3) contains a partially defective zip code. *See* Pl.'s Mot. at 1.

Plaintiff appears to concede that his notice of appeal was improperly mailed, but seeks to excuse this error due to "extraordinary circumstances." Pl.'s Opp'n at 2. According to plaintiff, the Federal Bureau of Prisons' Trust Fund Limited Inmate Computer System ("TRULINCS") generated mailing label "does not provide adequate space to include the full address of the OIP[,]" making it "impossible for [him] to comply with the DOJ's instructions[.]" Pl.'s Opp. at 2. DOJ has countered this excuse by submitting unrebutted evidence from Jeremy Nerstad, the Correctional Systems Supervisor with oversight responsibility of the mail room and its functions at the Bureau of Prisons facility where plaintiff is currently designated, that the TRULINCS labelling system provides enough space to list the full required address. Declaration of Jeremy Nerstad ("Nerstad Decl."), ¶¶ 1, 4, ECF No. 20-5. He attests that the TRULINCS label provides ample room to type up to five full lines of a mailing address, *id.* ¶ 4, and if additional space were required, plaintiff could simply "write or print information on envelopes in addition to placing a TRULINCS mailing label bearing the address," *id.* ¶ 5. Plaintiff's submission of the very FOIA request at issue in this case corroborates the information provided in the Nerstad Declaration since that plaintiff wrote information on the outside of the mailing envelope containing Request No. 2019-001813. *See* Smith Decl., Ex. A. This uncontroverted evidence shows not only that the

TRULINCS label provides adequate space to display the OIP address, but also that plaintiff could have hand-written any additional required information. *See* Nerstad Decl. ¶¶ 4–5.

Plaintiff has failed to offer any objective evidence that DOJ or OIP ever received his notice of appeal. He does not attach, for example, "a certified-mail receipt or any other form of mailing that his missives reached their intended target[.]" *Ball v. USMS*, No. 19-1230 (JEB), 2020 WL 1079069 at *2–*3 (D.D.C. Mar. 6, 2020) (entering summary judgment for failure to exhaust because plaintiff offered no evidence "beyond his own say-so" that agency had received his correspondence) (quoting *Reynolds v. Dep't of Justice*, No. 16–1428, 2017 WL 1495932 at *2 (D.D.C. Apr. 26, 2017)).

Therefore, because "DOJ has introduced unrefuted evidence that it has no record of ever receiving an appeal from" plaintiff, it is thus "fatal to [his] position." *Ebling*, 796 F. Supp. 2d at 66 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). Plaintiff's argument that extraordinary circumstances exist to, ostensibly, warrant equitable tolling, is simply not supported. *See Ctr. to Prevent Handgun Violence v. Dep't of the Treasury*, 981 F. Supp. 20, 23 (D.D.C. 1997) (finding that, where plaintiff failed to exhaust administrative remedies, he was not entitled to equitable tolling because "strict enforcement of the exhaustion doctrine is favored in FOIA cases.") (citing *Dettmann v. Dep't of Justice*, 802 F.2d 1472 (D.C. Cir. 1986)).

As plaintiff's response is insufficient to create a genuine dispute of material fact, summary judgment is entered on behalf of DOJ. *See Lopez v. Nat'l Archives and Records Admin.*, 301 F. Supp. 3d 78, 87 (D.D.C. 2018) (granting summary judgment for failure to exhaust where agency responded to request before filing of complaint, declaration stated agency had no record of appeal, and plaintiff failed to provide evidence of appeal).

7

## IV.     CONCLUSION

For the foregoing reasons, DOJ's motion for summary judgment is granted. An order consistent with this memorandum opinion will be issued contemporaneously.

Date:   August 12, 2020

_____/s/_____
BERYL A. HOWELL
Chief United States District Judge